UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Jacob Sutton,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Complete Payment Recovery Services, Inc.,<br><br>　　　　Defendant | Case No.: 1:14-cv-1173<br><br>CIVIL COMPLAINT<br><br>JURY DEMAND |

Plaintiff, Jacob Sutton, on behalf of himself (hereinafter "Plaintiff"), by and through his undersigned attorney, alleges against the Defendant, Complete Payment Recovery Services, Inc. (hereinafter "Defendant") as follows:

**PRELIMINARY STATEMENT**

1.　This is an action for damages arising from Defendant's violations 15 U.S.C. § 1692, *et seq*., Fair Debt Collections Practices Act (hereinafter "FDCPA") and 47 U.S.C. § 227, *et seq*., Telephone Consumer Protection Act (hereinafter "TCPA") The Defendant, was collecting on an alleged debt during which their acts and or omissions constituted multiple violations of the FDCPA and TCPA.

**JURSIDICTION AND VENUE**

2.　This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k (d).

3.　Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4.  Plaintiff is a natural person, who at all relevant times has resided in the in the city of Carmel, Hamilton County, State of Indiana, and is a "consumer" as defined by 15 U.S.C. § 1692a (3).

5.  Defendant is a corporation doing business in the State of Ohio, with its corporate mailing address as 11601 Roosevelt Blvd, St. Petersburg, FL 33716, and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## FACTUAL STATEMENT

6.  In or around June of 2013, Plaintiff began receiving telephone calls from Defendant. These calls were either placed using an automated dialer or utilized pre-recorded messages. Plaintiff did not recognize the number he was being called from. The purpose of the call was to collect upon an alleged debt due and owing on a Barnes & Noble account.

7.  This Barnes & Noble account was paid, balance in full, in June of 2013.

8.  On July 1, 2013, after receiving more than a few calls from Defendant, Plaintiff fielded one of the calls. Plaintiff was advised that the purpose of the calls was to recover alleged monies Plaintiff owed. Plaintiff advised Defendant that he no longer wished to be contacted in any way, shape or form.

9.  Plaintiff received no calls from Defendant from July 1, 2013 to July 10, 2013.

10. On July 11, 2013, Plaintiff received, and fielded, another call from Defendant. Once again, Plaintiff advised that he wished all contact to cease.

11. From the date of the second cease and desist request to present day, Plaintiff has received (33) calls that contained pre-recorded message or that were placed with an automated dialer. The list of calls is as follows:

1.  7/22/13 @ 12:32pm
2.  7/29/13 @ 10:28am
3.  8/1/13 @ 11:29am
4.  9/6/13 @ 10:12am
5.  8/8/13 @ 11:44am
6.  8/14/13 @ 2:37pm
7.  8/23/13 @ 5:23pm
8.  8/26/13 @ 12:26pm
9.  8/30/13 @ 10:11am
10. 9/19/13 @ 11:03am
11. 11/06/13 @ 9:04am
12. 11/16/13 @ 12:15pm
13. 11/23/13 @ 11:14am
14. 12/18/13 @ 9:29am
15. 12/26/13 @ 4:59pm
16. 1/02/14 @ 11:25am
17. 1/10/14 @ 11:43am
18. 1/16/14 @ 11:06am
19. 2/4/14 @ 10:33am
20. 2/7/14 @ 9:03am
21. 2/14/14 @ 11:31am
22. 2/16/14 @ 11:13am
23. 2/16/14 @ 11:13am

24. 2/17/14 @ 9:15am

25. 2/19/14 @ 12:12pm

26. 2/21/14 @ 9:36am

27. 2/26/14 @ 9:30am

28. 3/6/14 @ 1:59pm

29. 3/12/14 @ 9:43am

30. 4/8/14 @ 12:27pm

31. 4/10/14 @ 10:44am

32. 4/16/14 @ 4:48pm

## COUNT I
## VIOLATION OF THE FAIR DEBT COLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

12. Plaintiff repeats the allegations contained in paragraphs 1 through 10 and incorporates them as if set forth at length herein.

13. Plaintiff requested Defendant cease and desist with any and all contact on (2) separate occasions.  After the first cease request Plaintiff received a total of (33) phone calls from Defendant.  After the second cease request Plaintiff received a total of (32) phone calls from Defendant.

14. The reason for Defendant's calls was to collect monies allegedly due and owing on a Barnes & Noble account.  This account was paid, balance in full, approximately (3) weeks prior to the commencement of Defendant's phone calls.

15. Defendant's actions in continuing to place a voluminous number of phone calls are violative of the FDCPA.  Defendants pursuit of an alleged debt, when same had been paid in full some (3) weeks prior to commencement of the calls by Defendant, is violative of the FDCPA.

Defendants actions are violations of 15 U.S.C § 1692(c)(a)(1), 15 U.S.C § 1692(c)(c), 15 U.S.C § 1692(d), 15 U.S.C § 1692(d)(5) and 15 U.S.C § 1692(e)(2)(A).

16. Plaintiff has been damaged and entitled to relief.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227, et seq.

17. Plaintiff repeats the allegations contained in paragraphs 1 through 13 and incorporates them as if set forth at length herein.

18. Plaintiff requested Defendant cease and desist with any and all contact on (2) separate occasions. After the first cease request Plaintiff received a total of (33) phone calls from Defendant. After the second cease request Plaintiff received a total of (32) phone calls from Defendant.

19. Defendant had no prior existing business relationship with Plaintiff.

20. Plaintiff has never given Defendant express consent, written or otherwise, that would allow Defendant to place calls that contained either pre-recorded messages or calls that are initiated via automated dialers.

21. Defendant placed one call, the June 1, 2013 call, that constitutes a non-willful violation of 41 U.S.C. § 227 b)(1)(A)(iii) and or 47 U.S.C. § 227 b)(1)(B).

22. Defendant placed a total of (33) calls after the initial cease and desist request and a total of (32) calls after Plaintiff's second cease and desist request. All (33) calls made constitute willful violations of 41 U.S.C. § 227 b)(1)(A)(iii) and or 47 U.S.C. § 227 b)(1)(B).

23. Plaintiff has been damaged and is entitled to relief.

## **DAMAGES**

WHEREFORE, Plaintiff, JACOB SUTTON, requests this Court enter judgment against Defendant and on behalf of Plaintiff for the following:

A. That an order be entered declaring the Defendant's acts and or omissions, as described above, in violation of the FDCPA;

B. That an order be entered declaring the Defendant's acts and omissions in violation of the TCPA;

C. That judgment be entered against the Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

D. That judgment be entered against the Defendant for statutory and actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

E. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);

F. That judgment be entered against the Defendant for in the amount of $500.00 for (1) non-willful violations of 47 U.S.C. § 227 b)(1)(A)(ii).

G. That judgment be entered against the Defendant for in the amount of $49,500.00 for (33), separate and distinct, willful violations of 41 U.S.C. § 227 b)(1)(A)(ii)

H. That the Court grants such other and further relief as may be just and proper.

*[Remainder of page intentionally left blank; signature page to follow.]*

Dated this 14th day of July, 2014

Respectfully Submitted,

   /S/ Jonathan L. Albright, Jr.
Jonathan L. Albright, Jr., 28442-49
Attorney for Plaintiff
Albright and Albright, Attorneys At Law
5162 E. Stop 11 Road, Suite #4
Indianapolis, IN 46237
Office: 317-495-9382
Fax: 317-497-5070
Jon@albrightandalbright.com


On Behalf of:
Law Offices of Michael Lupolover, P.C.
180 Sylvan Avenue, 2nd Floor
Englewood Cliffs, NJ 07632
Phone: (201) 461-0059
Facsimile: (201) 608-7116
Email: david@lupoloverlaw.com